MUSETTE CRUMMAL, by JAMES SUMNER, Her Guardian ad Litem, et al., Appellants, *v.* K. L. R. REALTY CORPORATION et al., Defendants, and DAVID FROMHARTZ, Respondent.

First Department, October 30, 1942.

*David A. Ferdinand* for appellants.

*Jacob M. Kram* and *Jack S. Glasser* for respondent.

Townley, J.  At the end of a trial after the justice had rendered a decision in favor of the plaintiffs in the amount of $1,000, the defendant applied for a stay.  This application was opposed.  The trial justice then called the respondent Fromhartz as a witness.  After being sworn, the justice asked him whether the corporation was taking any measures contemplating insolvency.  To this Fromhartz answered "No, sir."  The justice further asked the respondent whether anything was contemplated for the month of March, which in the opinion of the witness would render the said corporation less responsible for a judgment than it was on that day.  Again the witness' answer was "No, sir."  The court thereupon allowed a five days' stay.

As a matter of fact, on the morning of the fourth of March, the day on which this colloquy occurred, the corporation had deposited $1,000, the proceeds of the sale of corporate realty.  On the second of March, checks totaling over $900 had been issued against the funds to be deposited on March fourth.  In the ordinary course of business the corporate check would not have been cleared through the clearing house until the sixth of March.  Had there been no stay and had execution issued forthwith, it is probable that the plaintiffs would have successfully executed on the corporate bank balance.  Under the circumstances, it is clear that the corporation was contemplating measures leading to insolvency during the month of March contrary to the statement of Fromhartz.  In our view, these false answers constituted a contempt warranting the punishment of Fromhartz as guilty of misconduct causing an actual loss to the appellants.  (Judiciary Law, §§ 753, 773; Cons. Laws, ch. 30.)

The record is conclusive that, after March fifth, some $273 was disbursed which obviously would have been available in part satisfaction of an execution.  The record is not clear, however, as to when the depositing bank honored the checks issued on March second.  If these were not honored until after such

time as plaintiffs in the absence of a stay might have entered judgment and issued execution on the corporate bank account, then an additional loss was suffered by the plaintiffs.

The order should be reversed with twenty dollars costs and disbursements and the matter remitted to trial term to determine the amount of plaintiffs' loss and thereupon to enter an order finding and adjudging defendant, David Fromhartz, in contempt and fining him the amount so established.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Ordered accordingly.